# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### June 2000 Session

## KEN SHUMAN v. JAMES PARKHURST d/b/a PARKHURST HOME IMPROVEMENT

**Direct Appeal from the Circuit Court for Sumner County**
**No. 17825C      Carol Soloman, Special Judge**

---

**No. M1999-02043-COA-R3-CV - Filed August 31, 2000**

---

James Parkhurst d/b/a Parkhurst Home Improvement appeals the trial court's final judgment awarding Ken Shuman $8,021.14 in actual damages for breach of oral construction contract and $2,406.33 in attorney's fees based upon a finding of fraud in violation of the Tennessee Consumer Protection Act. Parkhurst raised two issues on appeal, contending that the damages awarded in this home construction dispute were not legally warranted and that the trial court erred in finding fraud, therefore justifying an award for attorney's fees under the Act. We conclude that Shuman presented sufficient proof to find a violation of the Act and to support his claim for damages and for attorney's fees. Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

John R. Phillips, Jr., Gallatin, Tennessee, for the appellant, James Parkhurst d/b/a Parkhurst Home Improvement.

C. Tracey Parks, Gallatin, Tennessee, for the appellee, Ken Shuman.

## OPINION

Mr. Shuman entered into an oral agreement with Mr. Parkhurst for construction of a 24'x32' two-story addition to Mr. Shuman's existing house in Westmoreland, Sumner County, Tennessee. According to the agreement, Mr. Parkhurst was to frame the addition, get it in the dry, put on the vinyl siding, and hang the sheetrock. Mr. Shuman was to finish the sheetrock, do the rough, install the plumbing and electrical wiring, paint the walls and install the flooring. Mr. Shuman asserted that the payment terms per the agreement were $10,000 for labor plus 10%

above material costs with the project cost not to exceed approximately $40,000. Mr. Parkhurst contended that the agreement was for labor at an hourly rate of $15.00 for Mr. Parkhurst, $10.00 for his workers and an additional 10% above material costs.

Mr. Parkhurst worked on Mr. Shuman's home addition for ten weeks from late September of 1997 to December 10, 1997, whereupon Mr. Parkhurst walked away from the project. Mr. Parkhurst had been paid a total of $38,209.39. Mr. Parkhurst alleged that he walked away from the project because Mr. Shuman installed sheetrock prior to inspection of the electrical wiring in violation of the applicable building code. Mr. Shuman asserted that Mr. Parkhurst walked away because Mr. Parkhurst did not want the friendship between the two parties to suffer. After Mr. Parkhurst ceased working on the addition, Mr. Shuman noticed problems with Mr. Parkhurst's construction, some of which caused water damage to Mr. Shuman's home. Mr. Shuman also discovered that he had been charged for certain materials which were not used on the project.

Mr. Shuman sued Mr. Parkhurst for breach of contract and alleged that Mr. Parkhurst's charging for materials not actually used was a deceptive and fraudulent trade practice in violation of the Tennessee Consumer Protection Act. *See* Tenn. Code Ann. § 47-18-101 *et seq*. (1995); Tenn. Code Ann. § 47-18-109(a)(1) (1995) ("[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages."). Mr. Parkhurst responded that his walking away from the project did not constitute a breach because the parties' agreement was a simple arrangement for pay by the hour work so that either party could terminate the working relationship at any time. Mr. Parkhurst denied any fraud or violation of the Tennessee Consumer Protection Act. Mr. Parkhurst further stated that there were no damages to be had since Mr. Shuman only paid for the work Mr. Parkhurst did, and Mr. Shuman expected to expend more money to complete the project regardless of Mr. Parkhurst's departure.

The trial court entered judgment for Mr. Shuman, awarding him $8,021.14 in damages and $424.75 in discretionary costs. Additionally, the trial court found that Mr. Parkhurst violated the Tennessee Consumer Protection Act by fraudulently charging for thirty-two 2"x6" pressure treated boards which were not brought to the construction site. The trial court declined to award treble damages[1] but awarded attorney's fees in the amount of $2,406.33.[2]

---

[1] Section 47-18-109(a)(3) of the Tennessee Code provides that treble damages may be awarded when the court finds a knowing or willful use of an unfair or deceptive trade practice. *See* Tenn. Code Ann. §47-18-109(a)(3) (1995).

[2] Attorney's fees may be awarded pursuant to the Tennessee Consumer Protection Act in an appropriate case. *See* Tenn. Code Ann. § 47-18-109(e)(1) (1995) ("[u]pon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs.").

Mr. Parkhurst filed notice of appeal, raising the following issues, as we perceive them, for this court's review:

1.    Whether the damages awarded in this home construction dispute were legally warranted.

2.    Whether the trial court erred in finding fraud involving thirty-two 2"x6" pressure treated boards, therefore justifying an award of $2,406.33 in attorney's fees pursuant to the Tennessee Consumer Protection Act.

Under Tennessee law, awarding damages in breach of contract actions operates to put the plaintiff in as good of a position as he would have been in had the contract been performed. *See Grantham and Mann, Inc. v. American Safety Prods., Inc.*, 831 F.2d 596, 601 (6th Cir. 1987). Plaintiff bears the burden of proving damages. *See Volasco Prods. Co. v. Lloyd A. Fry Roofing Co.*, 308 F.2d 383, 392 (6th Cir. 1962) *cert. denied*, 372 U.S. 907, 83 S. Ct. 721, 9 L. Ed. 2d 717 (1963). If damages have been shown to exist, then damages may be granted as long as there is substantial evidence in the record to allow the factfinder to draw a reasonable inference and make a fair and reasonable assessment of the amount of damages to award. *See Grantham and Mann*, 831 F.2d at 602; *Lee Shops, Inc. v. Schatten-Cypress Co.*, 350 F.2d 12, 18 (6th Cir. 1965), *cert. denied*, 382 U.S. 980, 86 S. Ct. 552, 15 L. Ed. 470 (1966); *Redbud Coop. Corp. v. Clayton*, 700 S.W.2d 551, 561 (Tenn. Ct. App. 1985); *Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn. Ct. App. 1983).

As part of his case in chief, Mr. Shuman testified that he incurred expenses totaling $8,521.14, the breakdown of damages being as follows: $1,000.00 for additional labor and materials to put in piers for foundation, $925.00 to repair and replace water damaged sheetrock and insulation in new construction, $300.00 to repair damaged walls on interior of original house and to re-trim kitchen window and door, $967.84 to repair vinyl work, $2,000.00 for Mr. Shuman's labor to correct problems caused by Mr. Parkhurst, $2,350.00 for wages paid to Tim Garris to help salvage damages, and $978.30 for materials charged to the job but not used. To support his testimony, Mr. Shuman introduced into evidence numerous bills and receipts for charges for labor and materials, pictures of the home addition which showed buckling of the vinyl siding, and a video tape which showed various defects in the construction of the addition as well as areas of water damage. With regards to damages, the trial court awarded Mr. Shuman $8,021.14, reducing the claim for the piers by $500.00. Mr. Parkhurst avers that the expenses claimed by Mr. Shuman do not represent a loss and thus do not support the damages award.

We affirm the trial court's judgment for Mr. Shuman of $8,021.14 in damages. This court's review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Because the proof of damages consisted solely of conflicting testimony of Mr. Shuman and Mr. Parkhurst, this court recognizes that:

> [w]here the issue for decision depends on the determination of the credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and the demeanor of the witnesses.

***Tenn-Tex Properties v. Brownell-Electro, Inc.***, 778 S.W.2d 423, 426 (Tenn. 1989); ***Royal Ins. Co. v. Alliance Ins. Co.***, 690 S.W.2d 541, 543 (Tenn. Ct. App. 1985). The evidence in the record does not preponderate against the findings of the trial court. The record contains sufficient evidence to support Mr. Shuman's allegations of damages, and given the limited scope of our review, this court must give great weight to the decision of the trial court regarding matters of credibility.

The second issue on appeal involves the trial court's finding of fraud concerning thirty-two 2"x6" pressure treated boards which resulted in an award of attorney's fees of $2,406.33. *See* Tenn. Code Ann. § 47-18-109(e)(1) (1995) ("[u]pon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs."). Mr. Shuman claimed that Mr. Parkhurst charged him $101.60 for sixteen 2"x6"x10' pressure treated boards and $79.36 for sixteen 2"x6"x8' pressure treated boards, neither of which were delivered to or used on the construction site. A witness, Tim Garris, testified that he observed 2"x6" pressure treated boards being used on a greenhouse being constructed by Mr. Parkhurst on property owned by Mr. Parkhurst's father and on a porch Mr. Parkhurst was building on Mr. Parkhurst's property. Mr. Parkhurst claimed that the pressure treated lumber was ordered for Mr. Shuman and was delivered to the construction site on Mr. Shuman's property. Mr. Parkhurst admitted that Mr. Shuman was charged for the lumber, but he claimed that he did not know what became of the lumber after it was delivered to Mr. Shuman's property. Upon this evidence, the trial court found fraud on behalf of Mr. Parkhurst, stating, "Mr. Parkhurst found an opportunity to charge something to a job and to take advantage of it. . . . that was fraud . . . . it was thievery." Based upon the finding of fraud, the trial court awarded Mr. Shuman attorney's fees in the amount of $2,406.33, which was calculated as 30% of the damages award. "Unless the evidence preponderates against the findings, we must affirm, absent error of law." ***Dailey v. Bateman***, 937 S.W.2d 927, 930 (Tenn. Ct. App. 1996). Based upon the evidence in the record, there is a sufficient basis for finding a violation of the Tennessee Consumer Protection Act, namely the fraud surrounding the thirty-two 2"x6" pressure treated boards. Thus, we affirm the award of attorney's fees, holding that this is an appropriate case for such award.

Mr. Shuman has requested additional attorney's fees for this appeal in the amount of $1,800.00 pursuant to section 47-18-109(e)(1) of the Tennessee Code. In this court's discretion, the request is denied.

For the foregoing reasons, the trial court's judgment for Mr. Shuman is affirmed. Costs of this appeal are taxed to the appellant, James Parkhurst d/b/a Parkhurst Home Improvement, and his surety, for which execution may issue if necessary.

 

_____

DAVID R. FARMER, JUDGE